# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1264

EARL VENNINGS, JR.,

    Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Mary Gordon Baker, Magistrate Judge. (2:16-cv-03564-MGB)

Submitted: July 30, 2018          Decided: September 7, 2018

Before HARRIS, Circuit Judge, and HAMILTON and TRAXLER, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Earl Vennings, Jr., Appellant Pro Se. Marshall Prince, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Sandra Romagnole, Office of the General Counsel – Region III, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Vennings, Jr., appeals the magistrate judge's order upholding the Administrative Law Judge's (ALJ) denial of Vennings' application for disability insurance benefits.\* "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Vennings' claim for benefits, and the ALJ's

---

\* The parties agreed to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) (2012).

2

factual findings are supported by substantial evidence. Accordingly, we affirm the magistrate judge's order and judgment upholding the denial of benefits. *See Vennings v. Comm'r of Soc. Sec. Admin.*, No. 2:16-cv-03564-MGB (D.S.C. Feb. 22, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
